**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VALERIE PRATER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _________** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Insurance Company (Allstate) in Cause No. DC–15–09968, pending in the 298th Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Norther District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1 On or about October 28, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Valerie Prater v. Allstate Vehicle and Property Insurance Company,* Cause No. DC-15-09968, pending in the 298th Judicial District Court of Dallas County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

1.2 Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on October 1, 2015, by certified mail on its registered agent, CT Corporation System.

1.3 Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed, which clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the Dallas County Clerk's records for this case, which includes the docket sheet and all documents filed in the state court action, attached as Exhibits "B-1" through Exhibit "B-8" as identified on the Index of Matters Being Filed.

## II.
## BASIS FOR REMOVAL

2.1 Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2 Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3 Plaintiff is, and was at the time the lawsuit was filed, a natural person and resident of Dallas County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4 Defendant Allstate is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purpose.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.5 In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.6 Here, the civil action's amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim. Plaintiff has specifically pled that they are seeking monetary relief over $100,000, but not more than $200,000. *See* Plaintiff's Original Petition. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1 Defendant Allstate was first served with Plaintiff's Original Petition and process on October 1, 2015. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include Dallas County—where the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3 Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4 Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5 Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1 Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Propertry Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 30, 2015, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and/or facsimile:

Jesse S. Corona
THE CORONA LAW FIRM, PLLC
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office: (281) 882-2531
Facsimile: (713) 678-0613
jesse@thecoronalawfirm.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Roger D. Higgins*
Roger D. Higgins